UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JUAN MANUEL CAJILEMA TENE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| MARKWAYNE MULLIN, Secretary, U.S. | * | |
| Department of Homeland Security; TODD | * | Civil Action No. 1:26-cv-11527-IT |
| LYONS, Acting Director, U.S. Immigration | * | |
| & Customs Enforcement; PATRICIA HYDE, | * | |
| Field Office Director; and ANTONE MONIZ, | * | |
| Superintendent, Plymouth County | * | |
| Correctional Facility, | * | |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

April 9, 2026

TALWANI, D.J.

Petitioner Juan Manuel Cajilema Tene, a citizen of Ecuador, entered the United States without inspection on May 22, 2022. Pet. ¶¶ 1–2 [Doc. No. 1]. On March 26, 2026, Petitioner appeared at the Brockton District Court for his arraignment on a pending charge of Assault and Battery on a Family Member, Mass. Gen. Laws ch. 265, § 13M(a). Id. ¶¶ 3–6. Petitioner states that this case "will most likely be dismissed [at a pretrial session] on May 13th, 2026, after his wife's testimony." Id. ¶ 8.

"Soon after" Petitioner left the court on March 26, U.S. Immigration and Customs Enforcement ("ICE") agents detained him. Id. ¶ 3. Petitioner is presently in custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶¶ 13, 15.

On March 31, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which Petitioner seeks, inter alia, immediate release from detention. Id. at ECF 9 ¶ 6. As

1

grounds, Petitioner asserts that (1) without the procedural protection of a custody redetermination hearing (a "bond hearing"), Petitioner's detention violates his right to due process under the Fifth Amendment to the U.S. Constitution; (2) Petitioner is subject to detention under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225(b)(2), and is therefore entitled to a bond hearing; (3) "application of 8 U.S.C. § 1225(b)(2) to Petitioner, who is bond-eligible, unlawfully mandates his continued detention in contravention of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19"; (4) Petitioner's detention under 8 U.S.C. § 1225(b)(2) is contrary to law and constitutes an arbitrary and capricious agency policy, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2); and (5) Petitioner is a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.) and is therefore entitled to a bond hearing pursuant to the partial final judgment entered in that case. Pet. ¶¶ 21–35 [Doc. No. 1].

In their abbreviated Response [Doc. No. 5], Respondents "submit that the legal issues presented in this Petition are similar to those addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Id. at 1. Respondents therefore acknowledge that "[s]hould the Court follow its reasoning in Doe, it would reach the same result here." Id.

Where the court finds that the reasoning in Doe remains correct, and where nothing in the record before the court indicates that Petitioner is detained under 8 U.S.C. § 1225(b), the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows:

No later than April 16, 2026, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody

following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than April 20, 2026.

IT IS SO ORDERED.

April 9, 2026                                    /s/ Indira Talwani
                                                 United States District Judge